Melquiades MENDIOLA, Jr., Plaintiff–Appellant

v.

CAMERON COUNTY DISTRICT ATTORNEY'S OFFICE; Federal Bureau of Investigation; Texas Department of Criminal Justice, Defendants–Appellees.

No. 15–40014.

United States Court of Appeals, Fifth Circuit.

March 16, 2016.

Melquiades Mendiola, Jr., Navasota, TX, pro se.

Juan A. Gonzalez, Civil Legal Department, Brownsville, TX, for Defendants–Appellees.

Before JOLLY, DENNIS and PRADO, Circuit Judges.

PER CURIAM: *

Melquiades Mendiola, Jr., Texas prisoner # 01833650, seeks leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint for failure to state a claim. By moving to proceed IFP, Mendiola is challenging the district court's certification that his appeal was not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir.1997). Our inquiry into Mendiola's good faith "is limited to whether the appeal involves legal points

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

arguable on their merits." *Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983) (internal quotation marks and citation omitted).

The district court concluded that some of Mendiola's claims against the Cameron County District Attorney's Office were barred by *Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and that his remaining claims against the entity were not viable based on prosecutorial immunity. The district court further concluded that Mendiola could not sue the Federal Bureau of Investigation (FBI) under the Federal Tort Claims Act, and that even if he could substitute the United States as the correct party, the court still lacked jurisdiction because Mendiola had not exhausted his administrative remedies. As to his claims regarding individual FBI agents, the district court concluded that he had failed to plead facts upon which relief could be granted. The district court additionally concluded that the Texas Department of Criminal Justice (TDCJ) was entitled to sovereign immunity under the Eleventh Amendment and that Mendiola had failed to plead any facts to support his claims that TDCJ employees violated his right against cruel and unusual punishment, stole money from his commissary account, and interfered with his legal mail.

Mendiola fails to address many of the district court's conclusions and, otherwise, cites only conclusional statements in support of his argument that the district court erred in dismissing his complaint. Pro se briefs are afforded liberal construction. *See Yohey v. Collins,* 985 F.2d 222, 225 (5th Cir.1993). Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision. *Brinkmann v. Dallas Cty. Deputy Sheriff Abner,* 813 F.2d 744, 748 (5th Cir. 1987).

Because Mendiola has failed to challenge any factual or legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal. *See id.* Thus, the appeal lacks arguable merit. *See Howard,* 707 F.2d at 220. Accordingly, Mendiola's IFP motion is DENIED. Mendiola's motions for discovery, injury handling, and hearing en banc are, likewise, DENIED. Additionally, because this appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2; *Baugh,* 117 F.3d at 202 n. 24. The district court's dismissal of Mendiola's complaint and our dismissal of this appeal both count as strikes under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Mendiola is CAUTIONED that if he accumulates three strikes, he will not be allowed to proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.